Garland, J.
This case was before us at the September term, 1843, of the court. See 5 Robinson, 492. The facts were then fully stated, and the case remanded for a new trial, that a jury might as - sess the damages. The case was again tried by a jury, upon the same evidence as given on the former trial. The jury, under a charge from the Judge, found damages for the defendant, on his demand in reconvention, for $250, which was directed to be deducted from the demand of the plaintiff, in whose favor a verdict and judgment were rendered, for the remainder of the demand, from which the defendant has again appealed.
Qur attention has been called to a bill of exceptions, taken by the counsel for the defendant, to the refusal of the Judge to charge the jury, as to the measure of damages the defendant was entitled to recover. The counsel asked the court to charge the jury, that the difference between the highest sum bid for the property, sold by the plaintiff to the defendant, when offered for sale by the Sheriff, and the price for which it really sold, was the true measure of damages. This the Judge refused, and charged, “ that Wilkins, the plaintiff, having sued out execution against Bassett, and caused the property to be frequently exposed at sheriff’s sale; as it would not sell, in consequence of the mortgage of Wilkins in favor of Hathorn remaining on the records, and as it was the duty of Wilkins to remove this, and he had the power to do so, he, Wilkins, ought to pay the additional costs and damages, for any expense caused to Bassett, in consequence of this state of things. But though the property sold ultimately for much less at sheriff’s sale, than it would have brought at an earlier period, this is rather to be attributed to the fall of property, and other causes. The obligation contracted by Wilkins in, the sale, in consequence of warranty, or otherwise, does not make him responsible for this loss.” To this opinion and charge of the Judge, the counsel for the defendant, also excepted.
We are of opinion that the Judge erred in giving the charge he did to the jury; but, at the same time, we think he ought not to have charged them as required by the counsel for the defendant. They contended, that the sum of $2500 was actually bid by *30 Martin for the property, but an inspection of the testimony will show, that the witness states such to be his recollection or impression, and seems not to be very positive. The Judge should have told the jury, that Wilkins was the warrantor of the title to the property sold to the defendant, and was bound to protect him in that title and the enjoyment of it. He had no right to do any act calculated to affect the validity of that title, or to cause it to be suspected, and thus depreciate the value of the property, at a time, when he knew it was in the market for sale, when suspicion even was calculated to affect its value. Had Wilkins been a third person, and in no way bound to warrant the title to Bassett, and had, without sufficient cause, slandered his title, and thus depressed the price of the property, he would most unquestionably have beeu responsible in damages. No one has a right, by false representations, to injure another, by alleging that he has no title to the property he professes to own, nor to depress its value, by causing his title to be suspected. This being true, as to a third person, how much more culpable was Wilkins, who knew that the defendant’s title was good; who knew that no mortgage existed on the property, aud had the evidence of the fact in his possession, yet refused to produce it. The law affords all reasonable facilities to creditors to enforce payment from debtors ; but they must not use the remedies and facilities allowed them, in such a manner as to convert them into engines of oppression and damage.
The Judge should have told the jury that the true measure of damages was the difference in the price the property really sold for, and that which the weight of' the testimony shows could have been obtained for it, if the mortgage in favor of Hathorn had not existed, or had been erased at a proper time. That value we think, according to the evidence, is the sum of $2000. Several witnesses say, that it was worth that sum, and would have sold for it, but for the existence of the mortgage in question. It was finally sold for $602. The difference between the two sums, to wit, $1398, is, in our opinion, the real damage sustained, for which sum, the defendant upon his demand in recon-vention, is entitled to judgment.
Bylane, Swayze and Taylor, for the plaintiff.
T. H, and W. B. Lewis, for the appellant.
As all the evidence, is before us, that the parties can probably obtain, we deem it unnecessary to remand the case for further proceedings.
It is, therefore, ordered and decreed, that so much of the verdict as relates to the damages in favor of the defendant be set asidej and that the judgment based upon it be annulled and reversed ; and our judgment is, that the damages in favor of the defendant be assessed at the sum of thirteen hundred and ninety-eight dollars ($1398,) which sum shall be applied to the extin-guishment of the demand of the plaintiff, as far as it will go; to take effect on the 3d day of April, 1841. This sum being deducted, and other admitted credits applied, the balance in favor of the plaintiff is the sum of two hundred and ninety three dollars, and forty-eight cents, with interest at 10 per cent per an-num, from the 3d day of April, 1841, until paid, for which sum and interest, a judgment is now rendered against the defendant, he paying the costs in the court below, and the appellee the costs in this court.